UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY H. BROWN,

    Plaintiff,

    v.     CAUSE NO. 3:24-CV-669-CCB-APR

PORTER, et al.,

    Defendants.

## OPINION AND ORDER

Billy Brown, a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Sergeant Drago, Sergeant Franklin, Sergeant Porter, Lieutenant Talbot, Sergeant Smith, Sergeant Hogan, and Lieutenant Bradford in their personal capacity for money damages for denying him medical care for MRSA in violation of the Eighth Amendment;" and (2) "against Lieutenant Bradford and Lieutenant Lurie in their personal capacity for money damages for failing to protect him from harm by other inmates in violation of the Eighth Amendment[.]" ECF 4 at 10. On January 21, 2025, the defendants filed a motion for summary judgment, arguing Brown did not exhaust his available administrative remedies before filing this lawsuit. ECF 14. With the motion, the defendants provided Brown the notice required by N.D. Ind. L.R. 56-1(f). ECF 17. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over three months ago, but Brown still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

2

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Brown's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 14-1 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* Brown submitted and exhausted only one grievance related to his claims in this lawsuit. *Id.* at 5-6. Specifically, on June 13, 2024, Brown filed Grievance 185863, alleging "nursing staff" had failed to treat his MRSA and kept sending him back to his dorm without treatment. *Id.* at 5-6; ECF 14-3 at 9-10. He stated he was denied any treatment until "Capt. Herr" intervened and sent him to the hospital. *Id.* When asked on the grievance form to "State the relief you are seeking," Brown stated the grievance process was inadequate to remedy his complaint. *Id.* On August 26, 2024, the Grievance Specialist issued a response denying Grievance 185863 on its merits, concluding Brown received adequate treatment for his MRSA. ECF 14-3 at 8. On September 13, 2024, Brown

---

[1] Because Brown has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Brown's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

submitted a Level I appeal again arguing the grievance process was inadequate to remedy his complaint. *Id.* at 6. The warden denied Brown's Level I appeal, concluding the Grievance Specialist's response to Grievance 185863 was appropriate. *Id.* at 4. Brown submitted a Level II appeal to the Department Grievance Manager which was likewise denied. *Id.* at 1. Brown did not submit any other grievances related to his claims in this lawsuit. ECF 14-1 at 5.

The defendants argue Brown did not exhaust his available administrative remedies before filing this lawsuit because Grievance 185863 did not put the prison on notice as to his claims against the defendants and he did not submit any other relevant grievances. ECF 15 at 6-8. Specifically, the defendants argue that Grievance 185863 only alleged that "nursing staff" had denied Brown treatment for his MRSA and did not put the prison on notice as to his allegations that correctional officers had denied him treatment or failed to protect him from other inmates.

The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Thus, an inmate's grievance is sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023); *see also Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024) ( "[I]n line with the purpose of the PLRA—to give a prison an opportunity to correct a problem before litigation, prisoners must provide some identifying information about the accused individuals") (citations omitted).

Here, the defendants are correct that Grievance 185863 did not put the prison on notice as to Brown's claims against the defendants. Specifically, Brown is proceeding in this case against a group of correctional officers for (1) denying him medical care for his MRSA and (2) failing to protect him from harm from other inmates. Nothing in Grievance 185863 put the prison on notice of these claims. Rather, Grievance 185863 complained only that Brown was denied adequate medical care by "nursing staff" because they kept sending him back to his dorm without treatment, and did not allege he was denied adequate medical care by any correctional officers. Moreover, Grievance 185863 did not contain any allegation that any correctional officer failed to protect Brown from harm from other inmates. Because Brown is proceeding in this case only against a group of correctional officers, and Grievance 185863 did not put the prison on notice that Brown had any problem with any correctional officer, Brown cannot rely on Grievance 185863 to show he exhausted his claims against the defendants. *See Maddox*, 655 F.3d at 722; *King*, 63 F.4th at 608.

Thus, the undisputed facts show Grievance 185863 did not exhaust Brown's claims in this lawsuit. And it's undisputed Brown didn't file any other relevant grievance. Therefore, the defendants have met their burden to show Brown did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 14); and

5

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Billy Brown and to close this case.

SO ORDERED on May 20, 2025.

                                                               /s/*Cristal C. Brisco*
                                                 CRISTAL C. BRISCO, JUDGE
                                                 UNITED STATES DISTRICT COURT